PS8C
(09/20)

February 23, 2022

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

2 2MJ 0 1 0 7 4

### Petition for Summons for Defendant on Pretrial Release

**Name of Defendant:** Stephanie Riebman      **Dkt. No.:** 3:22-CR-00178-TWR-1

**Reg. No.:** 80379-509

**Name of Judicial Officer:** The Honorable Todd W. Robinson, U.S. District Judge (matter to be heard by the Honorable Todd W. Robinson, U.S. District Judge)

**Date Conditions Ordered:** January 3, 2022, before the Honorable Michael S. Berg, U.S. Magistrate Judge

**Charged Offense:** 8:1324(a)(1)(A)(ii) - Transportation of Certain Aliens and Aiding and Abetting

**Conditions of Release:** The defendant must not violate federal, state, or local law during the period of release. The defendant must cooperate in the collection of a DNA sample as authorized by 42 U.S.C. § 14135a. The defendant must appear in court as ordered and surrender as directed to serve any sentence. The defendant must not possess a firearm, destructive device, or other dangerous weapon. The defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances. The defendant must report to the U.S. Pretrial Services Office (telephone (619) 557-5738) on the day of the initial court appearance or within 24 hours of the defendant's release from custody, whichever is later. Throughout this case, the defendant must report as directed by the Pretrial Services Office and follow all directions of the Pretrial Services Office; the defendant must advise the Court or the Pretrial Services Office in writing of: (1) the defendant's current residence address and phone number, when first reporting to Pretrial Services; and (2) any new contact information, before making any change of residence or phone number. The defendant must read this Pretrial Release Order and the "Advice of Penalties and Sanctions" form or have them read to the defendant in the defendant's native language. The defendant must acknowledge the defendant's understanding of all the pretrial release conditions and the penalties and sanctions for any violations, by signing the "Advice of Penalties and Sanctions" form. Restrict travel to: San Diego County, Imperial County, Central District of California, do not enter Mexico, travel may be expanded within the State of California at the discretion of PSA, all travel outside the Southern District of California is at the expense of the defendant. Actively seek or continue full-time employment, schooling, or a combination of both. Reside with a family member, surety, or at a residence approved by PSA, including any contract facility. Surrender any valid passport to PSA and not obtain a passport or other international travel document. Clear all warrants/FTAs and pay all fines as directed by PSA. Submit to psychological/psychiatric treatment at PSA discretion. Take two drug tests. If both tests are negative (or show only residual elimination of marijuana), no further testing is authorized. If one of the drug tests yields positive results, testing to continue, not to exceed four (4) times per month.

**Modification:** None.

**Date Released on Bond:** January 3, 2022

**Next Court Hearing:** February 22, 2022, at 2:00 pm, for Change of Plea; March 18, 2022, for Motion Hearing/Trial Setting

PS8C
(09/20)

**Name of Defendant:** Stephanie Riebman  February 23, 2022
**Docket No.:** 3:22-CR-00178-TWR-1  Page 2

**Asst. U.S. Atty.:** Francisco Anaya Nagel  **Defense Counsel:** Daniel Cohen  (appointed)
619-546-6745  619-697-0333

**Prior Violation History:** None.

## PETITIONING THE COURT

## TO SUMMON THE DEFENDANT TO APPEAR IN COURT AND ADDRESS THE ALLEGATIONS.

The Pretrial Services officer believes that the defendant has violated the following condition of pretrial release:

| **CONDITION** | **ALLEGATION OF NONCOMPLIANCE** |
|---|---|
| The defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. | 1. The defendant submitted a urine specimen on January 25, 2022, which confirmed positive for the use of cocaine. |

### *Grounds for revocation:*

The undersigned reviewed the Order and Conditions of Pretrial Release signed by the Honorable Michael S. Berg, U.S. Magistrate Judge, on January 3, 2022, which directs the defendant must "The defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription."

The defendant resides in the Central District of California and is being supervised by U.S. Probation and Pretrial Services Officer Jillian Huynh. On January 28, 2022, Officer Huynh informed the undersigned the defendant submitted a urine specimen on January 25, 2022, which screened positive for the use of cocaine. Officer Huynh spoke with the defendant who denied the use of cocaine. The specimen was forwarded to Alere Toxicology Services for confirmation.

On February 1, 2022, the undersigned spoke with the defendant who denied the use of cocaine and stated the following: the defendant advised she and a friend went to a warehouse party early Saturday morning, January 22, 2022, between 2:00 a.m. and 3:00 a.m., and consumed alcoholic beverages. The defendant advised she "did not have very many" alcoholic beverages although she felt "very drunk" and was vomiting. The defendant reported she discontinued consuming alcoholic beverages but continued feeling more and more sick. She stated she went home and when she woke up, she had "rosacea" on her face and her body was "on fire." The defendant noted she felt like she was having an allergic reaction to something. She further stated that based upon the way she felt so drunk without consuming "that much" alcohol that she was drugged. She also advised the friend who accompanied her to the warehouse party is "an active drug user" and believed both she and the defendant were drugged. The defendant adamantly denied using cocaine, stating never in her life has she used any drug other than marijuana and she did not put anything "up my nose" at the party. The undersigned responded to the defendant that typically cocaine is not a substance used to drug the drinks of others and that no other substance was detected in the urine screen. The defendant stated she believes the cocaine was mixed with another substance or substances that must have left her system by the time she drug tested three days later.

On February 16, 2022, Officer Huynh informed the undersigned the urine specimen collected on January 25, 2022, confirmed positive for the use of cocaine and that the defendant continued to deny the use of

PS8C
(09/20)

**Name of Defendant:** Stephanie Riebman　　　　　　　　　　　　February 23, 2022
**Docket No.:** 3:22-CR-00178-TWR-1　　　　　　　　　　　　　　　　　　　　Page 3

cocaine. On February 18, 2022, the undersigned contacted the defendant who maintained she did not knowingly use cocaine and it could have been one of the ingredients her drink was drugged with.

## SUPERVISION ADJUSTMENT

The defendant's adjustment to supervision is assessed as unsatisfactory. Although the defendant has cleared an outstanding Failure to Appear for a traffic matter in Beverly Hills and initiated mental health treatment services (she has had one session with a psychiatrist and was prescribed Sertraline for depression), she has submitted a urine specimen which confirmed positive for the use of cocaine yet denies the use of cocaine.

A computerized criminal history inquiry reveals no new criminal activity.

## RECOMMENDATION/JUSTIFICATION

Pretrial Services respectfully requests a Bond Revocation Hearing be scheduled and the defendant be ordered to show cause as to why her bond should not be revoked.

**I declare under penalty of perjury that the forgoing is true and correct.**

**Executed on:** February 23, 2022

Respectfully submitted:　　　　　　　　　　　　Reviewed and approved:

Lori Garofalo
Chief U.S. Pretrial Services Officer

by　*Amber Michaelis*　　　　　　　　　　　*Boris Ilic*
　　Amber Michaelis　　　　　　　　　　　　　Boris Ilic
　　U.S. Pretrial Services Officer　　　　　　　　Supervisory U.S. Pretrial Services Officer
　　619-446-3745
　　Place: San Diego, California

## THE COURT ORDERS:

_____ AGREE, schedule a Bond Revocation Hearing for _____

__X__ Other  *Issue a no-bail bench warrant.*

_____

*(signed) Todd Robinson*　　　　　　　　　　　　2/23/22
The Honorable Todd W. Robinson　　　　　　　　Date
U.S. District Judge

# UNITED STATES DISTRICT COURT
for the Southern District of California

| United States of America | ) |
| --- | --- |
| v. | ) |
| Stephanie Riebman | ) Case No. 22MJ0024-MSB |
| Defendant | ) |

## PRETRIAL RELEASE ORDER

**FILED**
JAN 0 3 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IT IS ORDERED that the defendant's release is subject to these conditions:

### Mandatory Conditions

(1) The defendant must not violate federal, state, or local law during the period of release.
(2) The defendant must cooperate in the collection of a DNA sample as authorized by law.

### Standard Conditions
*(Each Standard Condition applies, unless stricken.)*

(3) The defendant must appear in court as ordered and surrender as directed to serve any sentence.
(4) The defendant must not possess or attempt to possess a firearm, destructive device, or other dangerous weapon. The defendant must legally transfer all firearms, as directed by Pretrial Services.
(5) The defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances.
(6) The defendant must report to the U.S. Pretrial Services Office (telephone (619) 557-5738) on the day of the initial court appearance or within 24 hours of the defendant's release from custody, whichever is later. Throughout this case, the defendant must report as directed by the Pretrial Services Office and follow all directions of the Pretrial Services Office.
(7) The defendant must advise the Court or the Pretrial Services Office in writing of: (1) the defendant's current residence address and phone number, when first reporting to Pretrial Services; and (2) any new contact information, before making any change of residence or phone number.
(8) The defendant must read this Pretrial Release Order and the "Advice of Penalties and Sanctions" form, or have them read to the defendant in the defendant's native language. The defendant must acknowledge the defendant's understanding of all the pretrial release conditions and the penalties and sanctions for any violations, by signing the "Advice of Penalties and Sanctions" form.
(9) Restrict travel to: ☒ San Diego County   ☒ Imperial County   ☐ State of California
   ☐ Orange County and Los Angeles County
   ■ CDCA (L.A., Orange, Riverside, San Bernardino, S.L.O., Santa Barbara, Ventura)
   ☒ Do not enter Mexico   ☒ **Other Travel Restriction: Travel may be expanded within the State of California is at the discretion of PTS. All travel outside SDCA is at the expense of defendant.**

### Additional Conditions

(10) ☐ (a) The defendant is released on personal recognizance.
   ■ (b) The defendant must execute an appearance bond in the amount of $ 20,000.- that is:
      ☐ Unsecured. Defendant's own signature.
      ■ Secured, as set forth below. The Court finds that an unsecured bond will not reasonably assure the defendant's appearance as required and/or will endanger the safety of another person or the community.
         Security: ■ The co-signatures of __1__ financially responsible (and related) adults or _____.
         ☐ A cash deposit with the Court of $ _____.
         ☐ A trust deed to the United States on real property approved by a federal judge.
         ☐ A cash bond and/or a bail bond by an approved, solvent corporate surety. A corporate bail bond must cover all conditions of release, not just appearances.
         ☐ Other: _____.
      Hearing: ☐ Surety examination   ☐ Nebbia hearing (bail source hearing)
(11) ☐ 18 U.S.C. § 3142(d) hold until _____; if no detainer is lodged by then, these conditions take effect.

(12) The defendant must:
- ☒ (a) actively seek or continue full-time employment, or schooling, or a combination of both.
- ☒ (b) reside (☒) with a family member, surety, or _____, or
    (☒) at a residence approved by the Pretrial Services Office, including any contract facility.
- ☒ (c) surrender any valid passport to the Pretrial Services Office and not obtain a passport or other international travel document.
- ☒ (d) clear all warrants/FTAs and pay all fines ~~within 90 days of release or~~ as directed by the Pretrial Services Office.
- ☒ (e) submit to psychological/psychiatric treatment at Pretrial Services' discretion.
- ☐ (f) submit to drug/alcohol testing no more than ___ times per month and/or outpatient substance abuse therapy and counseling, as directed by the Pretrial Services Office.
- ☒ (g) take two drug tests. If both tests are negative (or show only residual elimination of marijuana), no further testing is authorized. If one of the drug tests yields positive results, testing to continue, not to exceed four (4) times per month.
- ☐ (h) not use alcohol at all.
- ☐ (i) not have a blood alcohol content (BAC) of .08% or more.
- ☐ (j) participate in and complete a program of inpatient substance abuse therapy and counseling, as directed by the Pretrial Services Office.
- ☐ (k) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
- ☐ (l) participate in the Location Monitoring Program and comply with its requirements as directed under the following component and technology:
    - ☐ (i) **Curfew.** You are restricted to your residence (☐) every day from _____ to _____, or (☐) as directed by the pretrial services office or supervising officer.
    - ☐ (ii) **Home Detention.** You are restricted to your residence at all times except for Pretrial Services-approved absences for: employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; Court-ordered obligations; or other activities.
    - ☐ (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for Court-approved absences for medical necessities, court appearances, or other activities.
    Technology: ☐ PTS Discretion ☐ GPS ☐ Radio Frequency ☐ Smart Link ☐ Voice Recognition
    - ☐ You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services officer.
    - ☐ Defense counsel must notify Pretrial Services upon submission of bond paperwork; defendant to be released from custody to Pretrial Services the following business day by 10:00 a.m. and Pretrial Services to transport if needed.
- ☐ (m) return to custody each _____ at _____ AM/PM after being released at _____ AM/PM for employment, schooling, or the following purposes: _____
- ☐ (n) remain in the custody of _____, who will supervise the defendant and notify the Court immediately if the defendant violates any conditions of release.
- ☐ (o) not drive a vehicle without a valid U.S. driver license and current insurance.
- ☐ (p) Pretrial Services may disclose confidential information to third parties for the purposes of securing community resources.
- ☐ (q) **Adam Walsh Act:** See attached Addendum for additional conditions.
- ☐ (r) Other conditions: _____

(13) ☐ All conditions previously set will remain the same.

Dated: 1/3/2022

_____
Honorable Michael S. Berg
United States Magistrate Judge

PS3 (12/05-Rev. for PACTS 6/11)                                 Stephanie Riebman / 0974 PH002817258-001

# **CONFIDENTIAL**

**NOT TO BE READ BY AGENTS:** This report is provided for the purpose of BAIL DETERMINATION ONLY and shall otherwise be confidential pursuant to: 18 USC 3153(c)(1).

FOR COURTROOM USE ONLY
RETURN TO PRETRIAL SERVICES OFFICER IMMEDIATELY AFTER HEARING
MUST NOT BE TAKEN OUT OF COURTROOM

PRETRIAL SERVICES REPORT
SOUTHERN DISTRICT OF CALIFORNIA

| District/Office<br>Southern District of California/San Diego | Charge(s) (Title, Section, and Description)<br>Title 8 U.S.C. § 1324 - Transportation of Illegal Aliens |
|---|---|
| Judicial Officer<br>Honorable Michael Berg<br>U.S. Magistrate Judge | |
| Docket Number (Year – Sequence No. – Def. No.)<br>0974 3:22-MJ-00024-001 | |

## DEFENDANT

| Name<br>Riebman, Stephanie | | Employer/School<br>Clothing Brand and Beauty Enhancements | |
|---|---|---|---|
| Address<br>819 Santee Street Apartment 307<br>Los Angeles, CA 90014 | | Employer/School Address<br>Los Angeles, CA | |
| At Address Since<br>08/01/2020 | Time in Community of Residence<br>3.0 years | Monthly Income<br>$4,000 | Time with Employer/School<br>1 year |

## DEFENDANT HISTORY

The following information was obtained from a personal interview with the defendant on January 3, 2022. Additional information was gathered from the Metropolitan Correctional Center (MCC) booking records, computerized record clearances, California Department of Motor Vehicles (DMV) records, and from a telephonic conversation with the defendant's boyfriend, Raheem Moorehead, and the defendant's friend, Cherika Wright.

**1. DEFENDANT HISTORY / RESIDENCE / FAMILY TIES:**

The defendant advised she was born on December 14, 1990 in Tampa, Florida. Computerized record clearances verify the defendant's date of birth and verify the defendant was born in Florida. The defendant reported she has resided at the above noted address since August 2020 with her boyfriend, and indicated she pays $2,205 monthly rent. The defendant's boyfriend, Raheem Moorehead, verified the defendant's address and indicated the defendant has resided in Los Angeles, California for "a couple of years" and resides alone. The defendant's friend, Cherika Wright, verified the defendant pays rent and has grown up in Los Angles, California. The

Page 1

PS3 (12/05-Rev. for PACTS 6/11)                                    Stephanie Riebman / 0974 PH002817258-001

defendant reported she previously resided in Orlando, Florida until she was 27 or 28 years old then relocated to Los Angeles, California in 2018. Ms. Wright verified the defendant previously resided in Florida.

The defendant indicated, if released on bond she can continue to reside at the above noted address in Los Angeles, California. Mr. Moorehead verified this information.

California Department of Motor Vehicles (DMV) records list the following two addresses for the defendant: 1012 Hammond Street, Apartment 4, West Hollywood, California as of October 8, 2019 and 422 North Reno Street, Los Angeles, California as of July 20, 2020.

**Family Ties/Possible Sureties:** The defendant reported her mother resides in Clermont, Florida and indicated she had no contact with her father or two siblings. Ms. Wright indicated the defendant's parents, and two siblings reside in Florida and further indicated the defendant has contact with them.

The defendant identified her boyfriend and friend might be willing to assist as possible sureties. Mr. Moorehead and Ms. Wright both verified they would be willing to assist the defendant with bond. Ms. Wright indicated the defendant's friend, "Ashley," might also be willing to assist the defendant with bond.

**Military History/Education:** The defendant stated does not have military history and indicated she earned her associated degree in 2014 from Hillsborough Community College in Tampa, Florida. Mr. Moorehead verified the defendant does not have military history. Ms. Wright indicated the defendant has some college.

**Marital Status/Children:** The defendant advised she is currently cohabiting with her boyfriend of six months. Mr. Moorehead indicated they have been together for "almost a year." The defendant reported she has one minor child residing with its father "in the Valley." This information remains unverified.

**Passport/Foreign Travel:** The defendant advised she has a U.S. passport book. This information remains unverified. The defendant reported she has traveled to Mexico once or twice within the last year for leisure. This information remains unverified.

## 2. EMPLOYMENT HISTORY / FINANCIAL RESOURCES:

**Employed/Unemployed History:** The defendant reported she owns a "clothing brand and beauty enhancements" and has been self-employed full-time for a year in Los Angeles, California. This information remains unverified. The defendant reported she has been bartending part-time at nightclubs in Los Angeles, California for the past ten years. This information remains unverified. The defendant reported her monthly income varies between $2,000 to $4,000. This information remains unverified. The defendant reported she can return to both employments if released from custody. This information remains unverified. Ms. Wright indicated the defendant is employed.

The defendant reported she was previously employed at "Apple" for three and a half years as a "remote advisor." This information remains unverified.

**Finances:** The defendant reported the following monthly expenses: $2,205 rent, $160 cell phone bill, and $90 electricity every three months. Ms. Wright verified the defendant pays rent. The defendant reported she receives $250 a month in food stamps. The defendant reported she is leasing a 2018 Mercedes C300 and pays $580 a month and $354 monthly auto insurance. This information remains unverified.

Page 2

PS3 (12/05-Rev. for PACTS 6/11)                                     Stephanie Riebman / 0974 PH002817258-001

### 3. HEALTH:

**Physical Health:** The defendant stated she is in excellent physical health with no medical problems reported. Mr. Moorehead and Ms. Wright verified this information.

**Mental Health and Substance Abuse:**

The defendant provided the following substance abuse and mental health history:

**Mental Health:** The defendant reported she was diagnosed with anxiety at 12 years old and indicated she was prescribed ADHD medication from age 9 to15. This information remains unverified. Ms. Wright indicated the defendant may suffer from depression due to "family."

The defendant reported a history of domestic violence at age 20 and indicated charges were dropped and there is no active restraining order. Computerized record clearances reflect an arrest for domestic violence battery on September 11, 2010.

**Substance Abuse:** The defendant reported she "randomly" uses marijuana sine age 17 and indicated she last used four months ago, but recently "smoked a blunt the other day." This information remains unverified. The defendant reported she does not need substance abuse treatment and can stop on her own.

### 4. PRIOR RECORD:

A computerized record check with the Federal Bureau of Investigation (FBI), California Bureau of Criminal Identification and Information (CII), California Department of Motor Vehicles (DMV), National Crime Information Center (NCIC), and local law enforcement agencies revealed the defendant has the following record of criminal conduct under the given identifiers:

| DATE OF ARREST | AGENCY | CHARGE | DISPOSITION |
|---|---|---|---|
| 06/02/2006 (Age 15) | ORLANDO PD, FL | TRESPASSING | ORANGE COUNTY CLERK OF COURT #482006CJ004400000AOX 10/31/06 ADJUDICATION WITHHELD, 1 YEAR COMMUNITY CONTROL |
| 04/06/2007 (Age 16) | ORLANDO PD, FL | ROBBERY | ORANGE COUNTY CLERK OF COURT #482007CJ002973000AOX 10/24/07 ADJUDGED DELINQUENT |
| 05/18/2007 (Age 16) | ORLANDO PD, FL | TRESPASSING | ORANGE COUNTY CLERK OF COURT #482007CJ004294000AOX 10/24/07 ADJUDGED DELINQUENT, |

Page 3

PS3 (12/05-Rev. for PACTS 6/11)                    Stephanie Riebman / 0974 PH002817258-001

|  |  |  | 1 YEAR COMMUNITY CONTROL |
|---|---|---|---|
| 07/17/2007 (Age 16) | OCOEE PD, FL | CNT 1. PROBATION VIOLATION<br>CNT 2. VEHICLE THEFT | ORANGE COUNTY STATE ATTORNEY'S #482007CJ005614000AOX<br>08/09/07<br>NOLLE PROSEQUI |
| 04/11/2008 (Age 17) | ORANGE COUNTY SHERIFF'S OFFICE, FL | CNT 1-2. PROBATION VIOLATION | NO DISPOSITION AVAILABLE |
| 07/16/2008 (Age 17) | ORANGE COUNTY SHERIFF'S OFFICE, FL | LARCENY | ORANGE COUNTY CLERK OF COURT #482008CJ004915000AOX<br>01/14/09<br>ADJUDGED DELINQUENT<br><br>02/17/09<br>NO DISPOSITION AVAILABLE |
| 09/01/2008 (Age 17) | ORANGE COUNTY SHERIFF'S OFFICE, FL | POSSESSION OF COCAINE | ORANGE COUNTY STATE ATTORNEY'S 482008CJ005824000AOX<br>02/17/09<br>NOLLE PROSEQUI |
| 11/21/2008 (Age 17) | ORANGE COUNTY SHERIFF'S OFFICE, FL | CNT 1. BURGLARY<br>CNT 2. LARCENY | ORANGE COUNTY STATE ATTORNEY'S #482008CJ007904000AOX<br>12/03/08<br>CNT 1-2. NO ACTION |
| 05/06/2010 (Age 19) | WINTER GARDEN PD, FL | CNT 1. BURGLARY<br>CNT 2. LARCENY<br>CNT 3. MAKING FALSE REPORT | ORANGE COUNTY STATE ATTORNEY'S #482010CF006279000AOX<br>07/01/10<br>CNT 1-3. DROPPED/ ABANDONED |
| 09/11/2010 (Age 19) | OCOEE PD, FL | BATTERY: DOMESTIC VIOLENCE | ORANGE COUNTY STATE ATTORNEY'S #482010MM001073000AWX<br>10/26/10<br>DROPPED/ABANDONED |

Page 4

PS3 (12/05-Rev. for PACTS 6/11)                                    Stephanie Riebman / 0974 PH002817258-001

| 05/04/2011 (Age 20) | ORLANDO PD, FL | CNT 1. STOLEN PROP- DEAL IN<br>CNT 2. FRAUD<br>CNT 3. LARCENY | ORANGE COUNTY STATE ATTORNEY'S #482011CF005395000AOX<br>07/19/11<br>DROPPED/ABANDONED<br><br>01/03/22<br>SEALED PURSUANT TO FLORIDA STATUTE(S) 943.0595 |
|---|---|---|---|
| 07/13/2014 (Age 23) | TAMPA PD, FL | POSSESSION OF CANNABIS OVER 20 GRAMS | HILLSBOROUGH COUNTY CLERK OF COURT #292014CF010281000AHC<br>10/06/14<br>PRE-TRIAL DIVERSION<br><br>NO FURTHER INFORMATION NOTED. |

DMV records reflect the defendant was issued a citation on December 21, 2018, for a traffic offense and failed to appear for this matter on April 15, 2019 (#B493726). DMV records further reflect the defendant does not have a California driver's license and there are no notices to withhold the issuance of a driver's license.

Pretrial Services has requested collateral records from the Middle District of Florida. We are presently awaiting a response.

### 5. ASSESSMENT OF NONAPPEARANCE:

The defendant may pose a risk of nonappearance for the following reasons:

1. Mental Health History
2. Substance Abuse History
3. Lack of Verifiable, Legitimate Employment
4. Conflicting Living Situation
5. History of Failure to Appear

### ASSESSMENT OF DANGER:

The defendant may pose a risk of danger for the following reasons:

1. Substance Abuse History
2. Mental Health History
3. Criminal Activity while under Supervision
4. History/Charge Involving Violence/Domestic Violence

Page 5

PS3 (12/05-Rev. for PACTS 6/11)						Stephanie Riebman / 0974 PH002817258-001

**RECOMMENDATION:**

This pretrial report has been prepared pursuant to 18 U.S.C. 3154 (1). The recommendation is provided for the consideration of the Court and is separate from such legal findings as weight of the evidence [18 U.S.C. 3142 (g) (2)] or rebuttable presumptions for detention [18 U.S.C. 3142 (f) and (e)].

To reasonably assure the defendant's appearance and the safety of the community, Pretrial Services respectfully recommends the defendant be released with the following conditions:

1. Report to the U.S. Pretrial Services Office for supervision as directed.
2. Restrict travel to San Diego County, Central District of California, and do not enter Mexico.
3. Actively seek and maintain full-time employment, or schooling or a combination of both.
4. Reside with a family member, surety, or at a residence approved by the Pretrial Services Office, including any contract facility.
5. Surrender any valid passport to the Pretrial Services Office and not obtain a passport or other international travel document.
6. Clear all warrants/FTA's and pay all fines at Pretrial discretion.
7. Submit to mental health treatment at the discretion of the Pretrial Services Office.
8. Submit to drug treatment, and/or testing, at the discretion of the pretrial officer assigned to your case.
9. Post a $20,000 Personal Appearance Bond secured by the signature of (1) financially responsible adult.

| Pretrial Services Administrative Assistant<br>Melissa Ruiz | Date/Time<br>1/3/2022 1:36:09 PM |
|---|---|
| Reviewed By<br>Boris Ilic | *Boris Ilic* (signature) |

Page 6